Docket 122/231

In the matter of the liquidation of FORTUNE BUILDING AND LOAN ASSOCIATION.

[Decided March 27th, 1942.]

*Mr. Harry Joelson,* for the petitioner.

*Mr. Joseph T. Lieblich,* for the surviving trustees in liquidation.

LEWIS, V. C.

This matter is before the court on a petition by Dover Pleasure Club for an order directing trustees in liquidation of the Fortune Building and Loan Association to recognize as valid certain shares of stock of the Building and Loan Association. In 1932 the Club borrowed from the Building and Loan Association the sum of $7,000 giving a mortgage of its club house, and also subscribing to thirty-five shares of stock which were also pledged as additional security. For a period of years payments were made on the stock and on account of interest on the mortgage, but by 1938, when the Building and Loan Association was in the hands of the trustees in liquidation, the mortgage was in default and the Club was unable to meet a demand for payment to avoid threatened foreclosure.

Prolonged negotiations ·took place in an attempt to secure an adjustment, it being well recognized by both parties that the property was not worth anything like the amount of the mortgage. A proposition to recast the mortgage for a smaller

amount was rejected, and a basis for settlement was finally reached; and the sum of $4,350 was paid, the settlement being approved by an order of this court authorizing the trustees in liquidation to accept it "in full payment of and for the cancellation of the mortgage." The sum of $4,350 was paid in cash and the mortgage was canceled. Neither the order nor any document executed at the time make any reference to the disposition of the partly paid shares, which have value of some $700 or $800 more or less, depending on the result of the liquidation.

It is the contention of the Building and Loan Association that the shares were to be surrendered as part of the transaction, although none of the witnesses at the hearing seems to have gone so far as to state that this was the express agreement. The argument is made on its behalf that it took into consideration the value of the shares, since even adding this value to the amount paid, the Building and Loan Association sustained a loss on the mortgage. On the other hand, three members of the committee representing the Club testified that it was definitely understood and agreed that the amount to be paid for the cancellation of the mortgage was to leave the shares unaffected. Considerable support is found to the probabilities that their contention is correct in the fact that the amount of cash paid is greater by more than the value of the shares than the appraisals of the premises. It is entirely possible that actually there was no very definite express agreement as to the disposition of the shares, but that each side to the transaction more or less assumed that its understanding was correct, the preponderance of evidence being in favor of the Club.

In the case of *Reliant Building and Loan Association* v. *Sauter, 128 N. J. Eq. 599,* the court held that in the case of a building and loan mortgage similar to the instant one, the amount set up as the book value of shares held as collateral could not be deducted from the mortgage debt in computing the amount due on the mortgage. The court said that until final liquidation the value of the shares could not be determined. This necessarily means that credits on the principal of the mortgage were not allowed from time to time as pay-

ments were made; and on the other hand, the principal of the mortgage would remain unaffected, while the payments on the shares would gradually accumulate a fund which on maturity would provide a sum with which to pay the mortgage. This necessarily distinguishes between the mortgage debt and the accumulation on the shares, and this is not affected by the fact that the shares are pledged as additional collateral. With cancellation of the mortgage, the real estate and the other collateral would of course be released. In my opinion, that is the legal effect of the transaction now before the court in the absence of a definite express agreement to the contrary. Petitioner is entitled to an order recognizing its ownership of the shares.